**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**


| | | |
|---|---|---|
| **STEVEN MCLEOD** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **C.A. No. N11C-03-111 MJB** |
| | ) | |
| **HUGHEY F. MCLEOD** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |


**Submitted:** March 17, 2015
**Decided:** March 31, 2015


*Upon Plaintiff's Second Motion for Sanctions*, **DENIED**.



**OPINION**



Steven A. McLeod, *pro se*, 1050 Big Joe Road, Monticello, Florida 32344.

Cynthia H. Pruitt, Esq., Doroshow, Pasquale, Krawitz & Bhaya, 1208 Kirkwood Highway, Wilmington, Delaware 10805, Attorney for Defendant.



**Brady, J.**

## I. INTRODUCTION

This is a personal injury case. Plaintiff Steven A. McLeod ("Plaintiff") alleges that he was sexually abused by his father Defendant Hughey F. McLeod ("Defendant") from approximately December 1967 through January 1972. Both parties were domiciled in Delaware at the time of the alleged abuse, but both now reside in Florida. Plaintiff is incarcerated in Florida serving a life sentence. On April 29, 2011, Plaintiff filed the instant action under 10 *Del. C.* § 8145.

On March 17, 2015, the Prothonotary received Plaintiff's Second Motion for Sanctions.[1] In the instant Motion, Plaintiff asks the Court to impose sanctions on Defendant for failing to comply with the trial scheduling order by failing to timely provide proposed jury instructions for Defendant's counterclaims and/or failing to provide objections to Plaintiff's proposed jury instructions.[2] For the following reasons, Plaintiff's Motion is **DENIED**.

## II. PROCEDURAL HISTORY

The Pretrial Scheduling Order of January 24, 2013 required the parties to submit a pretrial stipulation, which was to include proposed verdict forms and proposed jury instructions and/or objections thereto.[3] The Scheduling Order provides that Plaintiff submit a draft of the stipulation at least 15 days prior to the pretrial conference and that, within 5 days of receipt of Plaintiff's draft, Defendant shall provide Plaintiff with the information that Defendant proposes

---

[1] Motion, Item 213, at 1.
[2] Motion, Item 213, at 1.
[3] Scheduling Order, Exhibit 1, Item 214.

to include in the stipulation.[4]  The topics to be covered in the stipulation include all those set forth in Form 46 (pretrial stipulations) of the Delaware Superior Court Rules of Civil Procedure.

Plaintiff sent several letters inquiring about the jury instructions and requesting Defendant's proposed jury instructions (on March 13, 2013, August 29, 2013, February 7, 2014, and December 18, 2014).[5]  Plaintiff sent a draft of his proposed pretrial stipulation to Defendant on December 24, 2014, accompanied by a letter directing Defendant to send Defendant's proposed jury instructions to Plaintiff by January 13, 2015.[6]  Plaintiff provided jury instructions on December 30, 2014, with typing corrections on January 7, 2015.[7]  In a letter dated January 5, 2015, defense counsel acknowledged receipt of Plaintiff's draft pretrial stipulation, proposed verdict form, preliminary jury instructions, and final jury instructions.[8]  Defendant told Plaintiff that defense counsel would attempt to get Defendant's portion of the pretrial stipulation to Plaintiff "with sufficient time for [Plaintiff] to review and then mail to the Court prior to the pretrial conference on March 19, 2015."[9]  However Defendant would not promise to comply with Plaintiff's "unilateral deadline of January 13, 2015."[10]

Defendant sent his corrections to the pretrial stipulation with a letter dated February 19, 2015.[11]  Plaintiff says he received these materials on February 24, 2015.[12]  In Defendant's corrections/additions to the pretrial stipulation, Defendant suggested that each party submit

---

[4] Scheduling Order, Exhibit 1, Item 214, ¶8.
[5] Exhibits 2, 3, 4, and 5, Item 214.
[6] Motion, Item 213, at *2 (*citing* Exhibit 6 to Item 213).
[7] Exhibits 8, 9, Item 214.
[8] Exhibit 7, Item 214.
[9] Exhibit 7, Item 214.
[10] Exhibit 7, Item 214.
[11] Exhibit 10, Item 214.
[12] Motion, Item 213, at 2.

proposed jury instructions[13] and verdict sheets two weeks before trial rather than providing these materials at that point.[14]

### III. INSTANT MOTION

Plaintiff argues that Defendant has violated the scheduling order by not providing proposed jury instructions and verdict sheets in Defendant's corrections/additions to the pretrial stipulation and instead suggesting that Defendant would provide these documents two weeks before trial.[15] Plaintiff accuses Defendant of engaging in "dilatory tactics" and says that two weeks prior to trial is "too late for the Defendant to provide the documents without prejudicing the Plaintiff by the lack of time to research, prepare[,] and submit counterproposals."[16] Plaintiff asks that Defendant be sanctioned by striking Defendant's second counterclaim and "waving any objections."[17]

On February 26, 2015, the Court issued an Opinion deferring decision on Defendant's two motions to exclude testimony from Plaintiff's proffered experts.[18] The Court extended Plaintiff 90 days to supplement the record to identify a specific causation expert and the content of this expert's testimony in accordance with Rule 26.[19] The trial date was postponed and will be rescheduled upon resolution of these matters.[20] Because the Court has given Plaintiff 90 calendar days to submit the additional material, the pretrial conference will be postponed until sometime after these 90 days have elapsed. Because of the changes to the trial schedule, which the Court has made to accommodate Plaintiff's need to secure a specific causation expert, the

---

[13] Joint Proposed Pretrial Stipulation, Item 214, at 17, ¶16.
[14] Joint Proposed Pretrial Stipulation, Item 214, at 16, ¶13.
[15] Motion, Item 213, at 1.
[16] Motion, Item 213, at 3.
[17] Motion, Item 213, at 1.
[18] Opinion, Item 211.
[19] Opinion, Item 211, at 17.
[20] Opinion, Item 211, at 17, n.98.

Court finds that Defendant will be able to comply with the Trial Scheduling Order by providing Defendant's corrections/additions to the pretrial stipulation at least 10 days prior to the pretrial conference.

Since Defendant is not currently in violation of the Trial Scheduling Order, Plaintiff's instant Motion for sanctions is **DENIED**.

**IT IS SO ORDERED.**

_____/s/_____

**M. JANE BRADY**
Superior Court Judge